**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **RITA PETROSYAN; KHOREN GASPARYAN,**<br><br>Petitioners,<br><br>v.<br><br>**ERIC H. HOLDER Jr., Attorney General,**<br><br>Respondent. | No. 08-72584<br><br>Agency Nos. A097-364-366<br>A097-364-367<br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2013[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **KLEINFELD** and **SILVERMAN**, Circuit
Judges.

   **1.** Because the REAL ID Act doesn't apply to Rita Petrosyan's case, the

Board of Immigration Appeals could not demand that she provide evidence to

corroborate her credible testimony.  See Kataria v. INS, 232 F.3d 1107, 1113 (9th

---

   [*] This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36–3.

   [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Cir. 2000); Ladha v. INS, 215 F.3d 889, 899–901 (9th Cir. 2000). Here this error was harmless, as we deny the petition on other grounds.

2. Petrosyan doesn't qualify for asylum because her testimony failed to establish that the harms she suffered were perpetrated "by the government or forces the government [was] either unable or unwilling to control." Rahimzadeh v. Holder, 613 F.3d 916, 920 (9th Cir. 2010) (internal quotation marks omitted). For example, she couldn't identify the men who attacked her after she spoke at a political rally, much less show that they were tied to, or their actions were tolerated by, the Armenian government.

3. Because Petrosyan fails to satisfy her burden for asylum, she necessarily fails to satisfy the heavier burden for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

4. The BIA didn't base its denial of Convention Against Torture protection on Petrosyan's lack of credibility. To the contrary, it reversed the immigration judge's adverse credibility finding. Because Petrosyan raises no other challenge to the denial of CAT protection, she has waived this claim. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001).

**PETITION DENIED.**